# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION FILE NO. |
| v. | ) |
| | )   _____ |
| MOREHOUSE COLLEGE, | ) |
| JOHN SILVANUS WILSON, | ) |
| JR., individually and in his | ) |
| capacity as former President of | ) |
| Morehouse College, TERRAINE | ) |
| BAILEY, individually and in her | ) |
| capacity as Title IX Coordinator | ) |
| and Compliance Specialist of | ) |
| Morehouse College, and DR. | ) |
| ROBERT PETERSON, | ) |
| individually and in his capacity as | ) |
| Assistant Professor at Morehouse | ) |
| College, | ) |
| | ) |
|    Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Morehouse College ("Morehouse") and, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby gives notice of removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, showing this Court as follows:

1.

Plaintiff John Doe ("Plaintiff") commenced this action on November 5, 2018 by filing a Complaint for Damages and Demand for Jury Trial (the "Complaint") in the Superior Court of Fulton County, Georgia.

2.

In the Complaint, Plaintiff asserts five alleged causes of action against Morehouse: (1) a sexual harassment and discrimination claim pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.* ("Title IX"); (2) a hostile educational environment claim pursuant to Title IX; (3) a state law breach of contract claim; (4) a state law negligence claim; and (5) a state law negligent hiring, training, retention, and supervision claim.

3.

Plaintiff's alleged claims purportedly arise from his participation in Morehouse's May 2015 Pan-African Global Experience ("MPAGE") study abroad program in Brazil. (*See generally* Compl.) Plaintiff claims that Defendant Dr. Robert Peterson, a former Associate Professor in Morehouse's Department of Sociology, allegedly sexually harassed Plaintiff while traveling to Brazil to begin the May 2015 MPAGE program. (Compl. ¶ 14.) Plaintiff further contends that while in Brazil, Defendant Peterson allegedly subjected him to inappropriate sexual

comments and advances. (Compl. ¶¶ 16-17.) Plaintiff also alleges that Morehouse supposedly was aware of Defendant Peterson's misconduct and his propensity to engage in sexual misconduct but failed to take prompt corrective action to stop it. (Compl. ¶¶ 36, 40, 43, 48-50).

4.

28 U.S.C. § 1441(a) authorizes the removal of a civil action from state court to federal district court, provided that the federal district court to which the action is removed has original jurisdiction over the action.

5.

28 U.S.C. § 1331 provides that "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.

Pursuant to 28 U.S.C. § 1331, this Court possesses original jurisdiction over Plaintiff's sexual harassment, discrimination, and hostile educational environment claims brought pursuant to Title IX because those claims arise specifically and only under the laws of the United States.

7.

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States."

8.

A federal district court obtains and is vested with supplemental jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a) when the state law claim "arise[s] out of a common nucleus of operative facts with a substantive federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742 (11th Cir. 2006). Federal and state law claims share a common nucleus of operative facts when the claims arise from the same occurrence and involve the same or similar evidence. *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994).

9.

Pursuant to 28 U.S.C. § 1367(a), this Court possesses supplemental jurisdiction over Plaintiff's alleged state law breach of contract, negligence, and negligent hiring, training, retention, and supervision claims asserted against Morehouse because such claims purportedly are associated with and arise from

Plaintiff's participation in the May 2015 MPAGE study abroad program in Brazil.[1] Accordingly, Plaintiff's alleged state law claims share a common nucleus of operative facts with Plaintiff's alleged federal sexual harassment, discrimination, and hostile educational environment claims against Morehouse brought pursuant to Title IX.  Moreover, the disposition of Plaintiff's alleged state law claims will involve the same or similar evidence and information related to Plaintiff's Title IX claims and the circumstances related to and actions undertaken in connection therewith.

10.

Plaintiff served Morehouse with his Summons and Complaint on November 13, 2018.  Accordingly, this Notice of Removal is filed within thirty (30) days of service of Plaintiff's Complaint and, therefore, is timely pursuant to 28 U.S.C. § 1446(b)(1).

---

[1] In his Complaint, Plaintiff also asserts the same state law claims against all of the individual Defendants, in addition to asserting intentional infliction of emotional distress, sexual harassment, sexual assault, and providing alcohol to a minor claims only against Defendant Peterson, all of which also are subject to the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) because such claims allegedly are associated with and arise from Plaintiff's participation in the May 2015 MPAGE study abroad program in Brazil.  (Compl. ¶¶ 60-74.)

11.

The removal of this action is made without prejudice to any of Morehouse's potential defenses to be asserted in this action.

12.

Pursuant to 28 U.S.C. § 1446(d), Morehouse shall promptly serve a copy of this Notice of Removal upon Plaintiff, and Morehouse shall promtply file the same with the Clerk of the Superior Court of Fulton County, Georgia.

13.

Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, orders, and other papers contained with the Superior Court's docket as of the date of this filing are attached hereto as Composite Exhibit "A."

This 13th day of December, 2018.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

s/ Joshua I. Bosin
Joshua I. Bosin
Georgia Bar No. 143054
Juliana Nwafor
Georgia Bar No. 140608

Regions Plaza, Suite 1800
1180 West Peachtree Street

Atlanta, Georgia  30309
Telephone:  (404) 817-8500
Facsimile:   (404) 881-0470
E-Mail:  joshua.bosin@hklaw.com
E-Mail:  juliana.nwafor@hklaw.com

                                                    Counsel for Defendant
                                                    Morehouse College

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| **v.** ) | |
| ) | _____ |
| **MOREHOUSE COLLEGE,** ) | |
| **JOHN SILVANUS WILSON,** ) | |
| **JR., individually and in his** ) | |
| **capacity as former President of** ) | |
| **Morehouse College, TERRAINE** ) | |
| **BAILEY, individually and in her** ) | |
| **capacity as Title IX Coordinator** ) | |
| **and Compliance Specialist of** ) | |
| **Morehouse College, and DR.** ) | |
| **ROBERT PETERSON,** ) | |
| **individually and in his capacity as** ) | |
| **Assistant Professor at Morehouse** ) | |
| **College,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day caused to be served a true and correct copy of the foregoing **NOTICE OF REMOVAL** to the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following Counsel of Record:

| | |
|---|---|
| R. Cade Parian, Esq.<br>Parian Injury Law, LLC<br>One Atlantic Center, Suite 2342<br>1201 West Peachtree Street<br>Atlanta, Georgia  30309<br>Telephone:  (404) 795-5035<br>Facsimile:   (404) 953-7020<br>cade@westgalawyer.com | Lindsay Anne Cordes, Esq.<br>(to be admitted *pro hac vice*)<br>Tad Thomas, Esq.<br>(to be admitted *pro hac vice*)<br>Thomas Law Offices<br>9418 North Commons Blvd., Suite 200<br>Louisville, Kentucky  40059<br>Telephone:  (877) 955-7001<br>Facsimile:   (502) 791-8352<br>lindsay.cordes@thomaslawoffices.com<br>tad@thomaslawoffices.com |

This 13th day of December, 2018.

s/ Joshua I. Bosin
Joshua I. Bosin
Georgia Bar No. 143054